IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON,<br><br>   Plaintiff,<br><br>vs.<br><br>OMAHA POLICE DEPARTMENT OFFICERS, on 09-07-2015; DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL DEPARTMENT EMPLOYEES, JACQUELYN MORRISON, Douglas County Public Defenders Office; JULIE L. MEDINA, Douglas County Attorneys Office; and DOUGLAS COUNTY NEBRASKA, all as Defendants;<br><br>   Defendants. | 8:17CV325<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") (Filing No. 2.), Motion to Amend (Filing No. 6), Motion for Leave to Add Exhibits and Request for Discovery (Filing No. 7), and Motion for Service of Summons (Filing No. 8).

**I.      Motion for Leave to Proceed IFP**

The court has received a certified copy of Plaintiff's trust account information. (Filing No. 9.) Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil

action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the court finds the initial partial filing fee is $25.03, based on average monthly deposits in the amount of $125.16. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

## II. Motion to Amend and Motion for Leave to Add Exhibits

Plaintiff asks the court for leave to amend his Complaint "to add only to the story in this Civil Complaint." (Filing No. 6 at CM/ECF p.1.) Additionally, Plaintiff moves the court to permit him to "enter Exhibits/documentations to prove to this court Plaintiff's claims are true" referring to 8 pages of attached documents (Filing No. 7 at CM/ECF pp.1, 3–10.) Pursuant to NECivR 15.1(b), the court will consider the additional allegations in Plaintiff's Motion to Amend (Filing No. 6) and the documents attached to Plaintiff's Motion for Leave to Add Exhibits (Filing No. 7 at CM/ECF pp.3–10) as supplemental to Plaintiff's Complaint.

## III. Request for Discovery and Motion for Service of Summons

Plaintiff seeks an order compelling discovery of certain photographs from the Omaha Police Department. (Filing No. 7.) Plaintiff also moves the court to issue summons and serve a copy of the Complaint on various parties. (Filing No. 8.) However, no discovery or service of process may take place in this case at this time. Before this matter may proceed, Plaintiff is required to pay an initial partial filing fee of $25.03. Once payment is made, the court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The court has not yet conducted an initial review of Plaintiff's Complaint pursuant to section 1915(e). No discovery may take place in this case unless the court determines that this matter may proceed to service of process. Accordingly, Plaintiff's Request for Discovery (Filing No. 7) and Motion for Service of Summons (Filing No. 8) are denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP (Filing No. 2) is granted.

2. Plaintiff must pay an initial partial filing fee of $25.03 within 30 days, unless the court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

4. The clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 4, 2017: initial partial filing fee payment due.

6. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

7. Plaintiff's Motion to Amend (Filing No. 6) and Motion for Leave to Add Exhibits (Filing No. 7) are granted to the extent that the court will consider the additional allegations in the Motion to Amend and the documents attached to the Motion for Leave to Add Exhibits as supplemental to Plaintiff's Complaint (Filing No. 1). The clerk's office is directed to add the following docket text to Filing No. 7: "Court will consider CM/ECF pages 3–10 of this filing supplemental to the Complaint (Filing No. 1)."

8. Plaintiff's Request for Discovery ([Filing No. 7](#)) and Motion for Service of Summons ([Filing No. 8](#)) are denied without prejudice to reassertion.

Dated this 3rd day of November, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge