IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON,<br><br>        Plaintiff,<br><br>vs.<br><br>OMAHA POLICE DEPARTMENT OFFICERS, on 09-07-2015; DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL DEPARTMENT EMPLOYEES, JACQUELYN MORRISON, Douglas County Public Defenders Office; JULIE L. MEDINA, Douglas County Attorneys Office; and DOUGLAS COUNTY NEBRASKA, all as Defendants;<br><br>        Defendants. | 8:17CV325<br><br>MEMORANDUM AND ORDER |

Plaintiff, a prisoner currently in the custody of the Nebraska Department of Correctional Services ("NDCS"), brings this 42 U.S.C. § 1983 action for alleged injuries and rights violations relating to his 2015 arrest, conviction, and incarceration in the Douglas County Department of Corrections ("DCDC"). He has been given leave to proceed in forma pauperis. (Filing No. 10.) The court now conducts an initial review of Plaintiff's Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] For purposes of this initial review, the Complaint (filing no. 1) includes Plaintiff's Motion to Amend (filing no. 6), Motion for Leave to Add Exhibits (filing no. 7 at CM/ECF pp. 3–10), and Plaintiff's three "briefs in support" with attached exhibits (filing no. 12; filing no. 13; filing no. 18). *See* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to original pleading).

# I. SUMMARY OF COMPLAINT

Plaintiff brings this action against various Omaha Police Department ("OPD") officers, Jacquelyn Morrison ("Morrison") of the Douglas County Public Defender's Office, Julie L. Medina ("Medina") of the Douglas County Attorney's Office, unspecified Medical Department Employees of the DCDC (hereinafter "DCDC medical employees"), and Douglas County alleging violations of his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments.

Plaintiff's claims arise out of his arrests on September 7, 2015, and November 19, 2015, for domestic assault. According to the documents submitted by Plaintiff, OPD officers Bradley Nielsen and Snethen,[2] arrested Plaintiff on September 7, 2015, for assaulting his wife in the backseat of his car after speaking with Plaintiff's wife and a witness who confirmed the wife's account of the event. (Filing No. 7 at CM/ECF pp. 7–8.) Plaintiff alleges that Nielsen and Snethen lacked probable cause to arrest him and provided false information in their reports. Subsequently, Plaintiff "took a deal of probation on or about 09/22/2015 . . . and was released on Probation." (Filing No. 1 at CM/ECF p. 7.) Thereafter, on November 19, 2015, Plaintiff's wife called the police and advised the responding OPD officers, Daniel Flynn and Pearson,[3] that Plaintiff had assaulted her by pushing her against the wall. (Filing No. 6 at CM/ECF p. 2; Filing No. 7 at CM/ECF pp. 9–10.) Plaintiff alleges Flynn and Pearson then wrongfully arrested

---

[2] Plaintiff does not identify the officers by name in his Complaint, but Nielsen and Snethen are identified as the officers involved in Plaintiff's September 7, 2015 arrest. (Filing No. 7 at CM/ECF p. 8.) Accordingly, for ease of reference, the court will refer to Nielsen and Snethen in place of the "Omaha Police Department Officers on 09-07-2015" listed in the Complaint's caption. (*See* Filing No. 1.)

[3] Again, Plaintiff does not identify these officers by name in his Complaint, but Flynn and Pearson are identified as the officers involved in Plaintiff's November 19, 2015 arrest. (Filing No. 7 at CM/ECF pp. 9–10.) Thus, the court will refer to Flynn and Pearson in place of the "Omaha Police Department [Officers] on . . .11-19-2015." (*See* Filing No. 6 at CM/ECF p. 1.)

him without evidence or probable cause and booked him into the DCDC for domestic assault and a probation violation. (Filing No. 6 at CM/ECF p. 2.)

With respect to both of his arrests, Plaintiff alleges his attorney, Morrison, "just wanted to make a deal with the prosecutor Julie L. Medina" and refused to investigate Plaintiff's claims that his wife's injuries on September 7, 2015, were the result of a fight she had with her sister on August 30, 2015. (Filing No. 1 at CM/ECF p. 7.) Plaintiff alleges Morrison was ineffective, that she did nothing to "get the false claims of the Omaha police officer dismissed and charge dismissed," and worked with Medina to protect the officers' wrongful arrests. (*Id*. at CM/ECF pp. 7–8; Filing No. 6 at CM/ECF pp. 2–3.) Similarly, Plaintiff alleges Medina abused her discretion in reaching the wrongful plea agreement and in imposing an excessive punishment after the officers' wrongful arrests. (Filing No. 6 at CM/ECF p. 2.)

Plaintiff's state court records, available to this court online, confirm that Plaintiff pleaded no contest and was sentenced to probation for third degree domestic assault in September 2015, that his probation was later revoked, and that he was also charged with another domestic assault and sentenced to a term of imprisonment arising out of the November 19, 2015 arrest. I take judicial notice of the state court records related to this case in *State v. Mixon*, Case No. CR15-18512, County Court of Douglas County, Nebraska, and *State v. Mixon*, CR15-3305, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Plaintiff also alleges he agreed to the initial plea agreement on September 22, 2015, based on his "medical condition and medical neglect by the D.C.D.C. medical employee[s]." (Filing No. 1 at CM/ECF p. 7.) Plaintiff claims that the DCDC medical employees knew that Plaintiff needed medication for his seizure condition but refused to provide him his medications, delayed giving him his medications, and did not give him his medications correctly or in the proper

3

amount. As a result, Plaintiff experienced confusion, dizziness, sleepiness, loss of appetite, seizures, and injuries from falling due to seizures. (*Id.* at CM/ECF pp. 5–7; Filing No. 6 at CM/ECF pp. 2–3.) Plaintiff further alleges that the DCDC placed Plaintiff on the second floor and required him to walk up the stairs which was dangerous due to his seizure condition not being properly medicated. (Filing No. 6 at CM/ECF pp. 2–3.) Plaintiff also claims he was forced to live in an "unsafe houseing [sic] mod" where he lacked access to an emergency button if he had a seizure and where no corrections officers were in the mod between 11:00 p.m. and 7:00 a.m. (Filing No. 13.)[4]

In addition, Plaintiff includes two other unrelated claims in one of his supplemental filings. First, Plaintiff alleges he was locked down for something he did not do, and second, the DCDC records department took money from his account for a check and failed to return it to him after the check never made it to where it was supposed to be delivered. (Filing No. 18.)

As relief, Plaintiff seeks $2,800,000.00 in damages, sanctions against all the Defendants, and "expungement of records of this [conviction] too." (Filing No. 1 at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[4] The court notes that Filing No. 13 is captioned Plaintiff's "Brief in Support with Exhibit A-11," but there is no exhibit attached.

4

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construed, Plaintiff seeks monetary and equitable relief from Officers Nielsen, Snethen, Flynn, and Pearson (collectively "the OPD officers"), Morrison, and Medina for actions they took during his criminal proceedings, as well as from the DCDC medical employees and Douglas County for deliberate indifference to his medical needs. For the following reasons, Plaintiff's claims against the OPD officers, Medina, and Morrison related to his state criminal

proceedings will be dismissed without prejudice, and Plaintiff will be given leave to file an amended complaint with respect to his Eighth Amendment deliberate indifference claims.

**A. Claims Related to Plaintiff's State Criminal Proceedings**

*1. Official Capacity Claims*

Plaintiff makes claims against the prosecutor involved in his state court proceedings, Julie L. Medina of the Douglas County Attorney's Office, and the attorney who represented him, Jacquelyn Morrison of the Douglas County Public Defenders' Office, as well as the OPD officers who initially arrested him. Because Plaintiff does not specify in what capacity these Defendants are being sued, the court must assume they are sued in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against Medina and Morrison are claims against Douglas County, and Plaintiff's claims against Officers Nielsen, Snethen, Flynn, and Pearson are claims against the City of Omaha. *See Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.")

In order to state a plausible claim against either Douglas County or the City of Omaha, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B*

*v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, with respect to Medina and Morrison, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's attorneys and public defenders, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Douglas County. In light of this, Plaintiff's claims against Medina and Morrison in their official capacities are dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them); *Herzog v. O'Neil*, No. 8:10CV313, 2011 WL 1398475, at *3 (D. Neb. Apr. 13, 2011) (concluding official capacity claim against public defender was actually claim against county that employed the public defender); *see also Jackson v. Grand Forks Cty. Corr. Ctr. Med. Dep't*, No. 2:14-CV-103, 2015 WL 4210875, at *2 (D.N.D. July 10, 2015) (same).

7

Likewise, Plaintiff's claim against the OPD officers in their official capacities fails as he has not made any allegations suggesting a City of Omaha policy or custom deprived him of a federal right or that the City failed to adequately train its employees. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 694). Accordingly, Plaintiff's claims against the OPD officers in their official capacities are dismissed.

The court also concludes that it would be futile to allow Plaintiff an opportunity to amend his Complaint to allege claims against Medina, Morrison, and the OPD officers in their individual capacities as such claims would either be barred by prosecutorial immunity or the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) as set forth below.

*2. Medina is Immune from Suit*

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).

Here, Plaintiff alleges that Medina and Morrison worked together to come to a plea agreement that protected the officers involved in Plaintiff's wrongful arrests and violated his constitutional rights. Plaintiff does not allege any facts against Medina that would fall outside the scope of her prosecutorial functions during

Plaintiff's criminal proceedings. Accordingly, the court will dismiss Plaintiff's claims against Medina without leave to amend as she is immune from suit.

*3. Morrison is not a State Actor*

The crux of Plaintiff's claims with respect to Morrison, is that she was ineffective in her representation of him and essentially conspired with Medina to violate Plaintiff's constitutional rights. However, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's bare, conclusory allegations fall far short of stating a plausible conspiracy claim. However, the court will not give Plaintiff an opportunity to amend his Complaint to allege a plausible conspiracy claim against Morrison because, as explained below, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

*4. False Arrest Claims against OPD Officers Barred by Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or

conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

A guilty plea forecloses a § 1983 claim for arrest without probable cause. *Williams v. Schiaro*, 93 F.3d 527, 528–29 (8th Cir.1996); *see Sanders v. Fayetteville City Police Dep't*, 160 F. App'x 542, 543 (8th Cir.2005); *Anderson v. Franklin Cnty., Mo.*, 192 F.3d 1125, 1131 (8th Cir.1999). Here, Plaintiff alleged that he accepted a deal of probation on or about September 22, 2015, for the domestic assault on his wife and was later arrested for a second domestic assault on November 19, 2015, and charged with a probation violation. He further alleges that he "has been trying to get these false claims expunged" but does not allege that he has done so yet. (Filing No. 1 at CM/ECF p. 7.) Indeed, his state court records show that neither of his domestic assault convictions have been overturned. Thus, to be successful on his false arrest claims, Plaintiff would need to show that he had not, in fact, assaulted his wife. Because such a showing necessarily implicates the validity of his convictions and his convictions have not been reversed or invalidated, Plaintiff's claims for relief are barred by *Heck*. *See Nattress v. Lancaster Cty., Neb.*, No. 4:14-CV-3161, 2015 WL 4249493, at *4 (D. Neb. July 13, 2015) (concluding plaintiff's false arrest claim barred by *Heck* where plaintiff's conviction for assault had not been reversed or invalidated).

**B. Eighth Amendment Claims**

Liberally construed, Plaintiff alleges the DCDC medical employees and Douglas County were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. To prevail on an Eighth Amendment inadequate medical care claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component, requiring the plaintiff to demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d

1094, 1096 (8th Cir. 2000) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Again, because Plaintiff does not specify in what capacity the DCDC medical employees are being sued, the court must assume they are sued in their official capacities. *See Johnson*, 172 F.3d at 535. Thus, Plaintiff's claims against the DCDC medical employees are claims against Douglas County. As explained above, Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe*, 150 F.3d at 922 (citing *Monell*, 436 U.S. at 694). Plaintiff has not alleged that Douglas County has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible.

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim under the Eighth Amendment upon which relief may be granted against Douglas County and/or the DCDC medical employees. Plaintiff should be mindful to provide, to the extent possible, any identifying information about specific DCDC medical employees who he alleges were deliberately indifferent to his medical needs and to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

**C. Remaining Unrelated Claims**

Plaintiff included two unrelated claims in one of his supplemental filings relating to his conditions of confinement. ([Filing No. 18](#).) Liberally construing these claims as being asserted against Douglas County, both claims fail to state a plausible claim for relief against Douglas County as Plaintiff has not alleged that a policy or custom caused a violation of his constitutional rights. Moreover, Plaintiff's allegations regarding failure to deliver a check and failure to return the check funds to his account by the DCDC records department appear to be the subject of a separate pending action filed by Plaintiff at 8:17CV370. Because neither the claim regarding mishandling of Plaintiff's check or the claim that Plaintiff was locked down for something he did not do are related to Plaintiff's deliberate indifference claims, the court will dismiss these claims without prejudice to reassertion in a separate action.[5] *See* [Fed. R. Civ. P. 20](#); [Fed. R. Civ. P. 21](#).

## IV. OTHER PENDING MOTIONS

Plaintiff filed a Motion for Progression Order and Discovery on October 17, 2018. ([Filing No. 34](#).) Plaintiff asks for discovery of all filings by Defendants, if any, and for a court date and "brief date" so that Plaintiff may start preparing a brief in support of this litigation. The court has not yet determined that this matter may proceed to service of process against any defendant. Thus, Plaintiff's request for discovery and a progression order are premature and is denied. If Plaintiff files an amended complaint in accordance with this Memorandum and Order that states a plausible claim for relief, only then will the court order that this matter proceed to service of process and enter a progression order once the defendants have filed an answer.

---

[5] Plaintiff should be aware that he will be required to pay a separate filing fee for any separate action he files.

# V. CONCLUSION

Plaintiff has failed to state a claim for which relief can be granted against any of the Defendants in their official capacities. Plaintiff's claims against the OPD officers, Medina, and Morrison are dismissed without prejudice because Medina is immune from suit and Plaintiff's claims related to his state criminal proceedings are barred under *Heck v. Humphrey*. The two unrelated claims alleged in Plaintiff's supplemental filing ([filing no. 18](filing no. 18)) are also dismissed without prejudice.

Plaintiff is given leave to file an amended complaint which alleges a plausible Eighth Amendment deliberate indifference claim against Douglas County and/or the DCDC medical employees. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against the Omaha Police Department Officers, Jacquelyn Morrison, and Julie L. Medina are dismissed without prejudice and without leave to amend. The clerk of the court is directed to remove these Defendants from this action.

2. Plaintiff's claims identified in his supplemental filing ([filing no. 18](filing no. 18)) are dismissed without prejudice and without leave to amend.

3. Plaintiff has until **November 29, 2018**, to file an amended complaint which states a plausible Eighth Amendment claim against Douglas County and/or the DCDC Medical Department Employees. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)](28 U.S.C. § 1915(e)) and [1915A](1915A) in the normal course of business.

4. The clerk of the court is directed to set a pro se case management deadline using the following text: **November 29, 2018**: check for amended complaint.

5. Plaintiff's Motion for Progression Order and Discovery ([filing no. 34](#)) is denied.

Dated this 30th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge