IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON, | |
| Plaintiff, | 8:17CV325 |
| vs. | |
| OMAHA POLICE DEPARTMENT OFFICERS, on 09-07-2015; DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL DEPARTMENT EMPLOYEES, DOUGLAS COUNTY NEBRASKA, all as Defendants; DOUGLAS COUNTY CORRECTIONAL CENTER, MARK FOXALL, Director Correct Care Solutions; and DOCTOR ASH, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court upon review of Plaintiff's Amended Complaint (filing no. 36) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Plaintiff, an inmate currently in the custody of the Nebraska Department of Correctional Services ("NDCS") at the Work Ethic Camp in McCook, Nebraska, filed this action on September 6, 2017, seeking damages for alleged injuries and rights violations relating to his 2015 arrest, conviction, and incarceration in the Douglas County Department of Corrections ("DCDC"). Plaintiff sued various Omaha Police Department ("OPD") officers, Jacquelyn Morrison ("Morrison") of the Douglas County Public Defender's Office, Julie L. Medina ("Medina") of the Douglas County Attorney's Office, unspecified Medical Department Employees of

the DCDC (hereinafter "DCDC medical employees"), and Douglas County alleging violations of his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments.

The court conducted an initial review of Plaintiff's Complaint on October 30, 2018. (Filing No. 35.) The court dismissed Plaintiff's claims against the OPD officers, Medina, and Morrison in their official capacities for failure to state a claim and determined amendment would be futile as such claims would either be barred by prosecutorial immunity or the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The court, however, gave Plaintiff leave to file an amended complaint with respect to his Eight Amendment deliberate indifference claim against Douglas County and/or the DCDC medical employees.

Plaintiff filed his Amended Complaint on November 26, 2018. (Filing No. 36.)

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges violations of his rights under the Eighth and Fourteenth Amendments against the Douglas County Correctional Center[1]; Mark Foxall ("Foxall"), Director of the DCDC; Correct Care Solutions; Dr. Ash of the DCDC Medical Department; the DCDC medical employees; and Douglas County in their official and individual capacities.

Plaintiff's "Summary of Facts" borrows language from the court's Memorandum and Order on initial review (filing no. 36) and states, in relevant part:

---

[1] Plaintiff refers both to the Douglas County Correctional Center and the Douglas County Department of Corrections in his Amended Complaint. The court will consider the names interchangeable and as referring to the same entity.

> Plaintiff's injuries arise out of his arrest on September 7, 2015, and November 19, 2015, both times while being confined within the ("DCDC") for the same injuries.
>
> Plaintiff states that the Defendant's [sic], DCDC medical employees knew that Plaintiff needed medications, delayed giving him his medications, did not give him his medications correctly or in the proper amount and failed to properly house him while confined within (DCDC). As a result, Plaintiff experienced confusion, dizziness, sleepiness, loss of appetite, multiple seizures, and injuries from falling due to seizures. . . . Plaintiff further states that the DCDC placed him on the second floor and required him to walk up the stairs which was dangerous due to his seizure condition not being properly provided and medicated. . . . Plaintiff also states he [was] forced to live [in] an "unsafe housing [sic] mod" where he lacked access to an emergency button if he had a seizure and where no corrections officers were in the mod between 11:00 p.m. and 7:00 A.M.

([Filing No. 36 at CM/ECF pp. 2–3](#) (citations omitted) (fourth alteration in original).)

As relief, Plaintiff seeks $2,000,000.00 in damages and "sanctions" against all Defendants. (*[Id.](#)* at CM/ECF p. 4.)

### III. DISCUSSION

Liberally construed, Plaintiff alleges claims of deliberate indifference to his medical needs against Defendants in their official and individual capacities. As an initial matter, the DCDC and/or the Douglas County Correctional Center is not a distinct legal entity subject to suit. *See [Dan v. Douglas Cty. Dep't of Corr.](#)*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also [Ketchum v. City of West Memphis, Ark.](#)*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *[Marsden v. Fed.](#)*

*Bureau of Prisons*, 856 F.Supp. 832, 836 (S. D. N. Y. 1994) (jails are not entities amenable to suit). Accordingly, any claims against the DCDC are dismissed.

**A. Official Capacity Claims**

Plaintiff's official capacity claims against Foxall, Dr. Ash, and the DCDC medical employees are claims against Douglas County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Plaintiff also alleges an official-capacity claim against Correct Care Solutions. Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights in order to state a plausible claim against Douglas County or Correct Care Solutions.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Similarly, "[a] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Col.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell*, 436 U.S. at 690). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

4

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, no facts are alleged in the Amended Complaint to show that Plaintiff's injuries were caused by a policy or custom of Douglas County or Correct Care Solutions. Plaintiff merely alleges in conclusory fashion that "[w]hen 'DCDC' failed to follow their policy in providing medical attention and medications, this was a deliberate choice made to follow a seperate [sic] course of action made from various alternatives by the Medical Staff and an official who has the final authority to establish such policy." (Filing No. 36 at CM/ECF p. 6.) Additionally, Plaintiff claims that "the governmental entity's employees" engaged in a "continuing, widespread persistent pattern of unconstitutional misconduct" by "fail[ing] to adequately provide Plaintiff his medication, to adequately provide the Housing of Medical Unit due to his serious nature of 'SEIZURES', after it was clearly known of its existence, and the prolonged time to properly follow the ('policy or customs')." (*Id.* at CM/ECF pp. 6–7.) Plaintiff further alleges that Correct Care Solutions failed to provide him any medication after his initial medical screening at the DCDC, that Plaintiff had to have his wife provide him medications from his home, and that "[t]his custom is not the practices of any Medical Provider, nor of Douglas County Department of Corrections and to allow Correct Care Solutions to impliment [sic] different policy is a direct cause of Plaintiffs deliberate indiff[e]rence to his medical [needs] throughout his confine[ment] within (D.C.C.C.)." (*Id.* at CM/ECF p. 11–12.)

"Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Bartunek v. Hall Cty. Nebraska*, No. 8:18CV489, 2019 WL 1126056, at *3 (D. Neb. Mar. 12, 2019) (quoting *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016)). "'At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.'" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff does not identify any unconstitutional policy that Defendants might have been following during his confinement at the DCDC, but rather alleges that Defendants acted contrary to established policy by failing to provide him his medication. Plaintiff attempts to allege that Defendants made a deliberate choice to disregard their policy when they failed to provide him proper medical attention and medications, but his allegations are wholly unsupported by any factual allegations and, instead, rely on vague generalities. In other words, Plaintiff's Amended Complaint did not fix the problem that this court identified in its October 30, 2018

Memorandum and Order, and his amended pleading still fails to state a claim of deliberate indifference to his medical needs against Douglas County or against any Defendants in their official capacities. Plaintiff's official-capacity claims therefore remain subject to dismissal under . . . The court will therefore dismiss Plaintiff's official capacity claims without prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *McCullough v. Sarpy Cty.*, No. 8:18CV194, 2019 WL 234776, at *3 (D. Neb. Jan. 16, 2019) ("Because Plaintiff has provided no more than unadorned accusations, 'supported by mere conclusory statements,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the court finds that he has not pleaded sufficient facts to state a claim against Sarpy County."); *Sailors v. US Marshals Serv. Dep't*, No. 8:18CV189, 2018 WL 4300122, at *3 (D. Neb. Sept. 10, 2018) ("Plaintiff's Complaint includes the undefined phrase 'policy and practice,' but does not allege facts even hinting at a City of Lincoln official's deliberate choice to follow a course of action made from among various alternatives (a 'policy') or a continuing, widespread, persistent pattern of unconstitutional misconduct (a 'custom').").

**B. Individual Capacity Claims**

Liberally construed, Plaintiff alleges claims of deliberate indifference to his medical needs against Foxall, Dr. Ash, and the unspecified DCDC medical employees in their individual capacities. To prevail on an Eighth Amendment inadequate medical care claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component, requiring the plaintiff to demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.

7

Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Here, Plaintiff names the DCDC Director Foxall and "Dr. Ash of the Medical Department for 'DCDC medical employees'" as defendants but does not allege any specific acts committed by them. "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Plaintiff does not allege any facts suggesting that Foxall and Dr. Ash were personally involved in any violations of Plaintiff's constitutional rights or were responsible for any incidents that resulted in injury to Plaintiff. As such, Plaintiff has failed to state plausible claims for relief against Foxall and Dr. Ash in their individual capacities. Out of an abundance of caution, the court will grant Plaintiff leave to file a second amended complaint that states a plausible claim of deliberate indifference to Plaintiff's medical needs against Foxall and Dr. Ash in their individual capacities.

Plaintiff alleges that the unspecified DCDC medical employees failed to provide him his necessary seizure medication resulting in injuries to Plaintiff. In light of the liberal pleading standard afforded to pro se litigants, the court finds that Plaintiff has stated a plausible claim of deliberate indifference to Plaintiff's medical needs under the Eighth and Fourteenth Amendments against the DCDC medical employees in their individual capacities. *See Dadd v. Anoka Cty.*, 827 F.3d 749, 756–57 (8th Cir. 2016) ("When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may

8

follow."); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("[T]he knowing failure to administer prescribed medicine can itself constitute deliberate indifference."). However, Plaintiff has not provided "any identifying information about specific DCDC medical employees who he alleges were deliberately indifferent to his medical needs" as directed by the court in its Memorandum and Order on initial review. ([Filing No. 35 at CM/ECF p. 11](#).) Normally, as a litigant proceeding in forma pauperis in this case, Plaintiff would be entitled to have service of process performed by the United States Marshals. However, the United States Marshal's Service cannot initiate service upon unknown defendants, and Plaintiff's claims cannot proceed against unspecified and unknown defendants.

## IV. CONCLUSION

In its present form, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendants in their official capacities or against Foxall and Dr. Ash in their individual capacities. Plaintiff's individual-capacity claims against the unspecified DCDC medical employees cannot proceed forward so long as the defendants remain unknown and unidentified.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file a second amended complaint that sufficiently states his Eighth and Fourteenth Amendment claims against specific, named defendants. The second amended complaint must specify in what capacity defendants are sued, must identify each defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. To be clear, Plaintiff's second amended complaint must restate the relevant allegations of his Amended Complaint ([filing no. 36](#)) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his second amended complaint, which the clerk of the court will provide to him.

9

If Plaintiff fails to file a second amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Douglas County Correctional Center is dismissed from this matter because it is a non-suable entity.

2. Plaintiff shall have 30 days to file a second amended complaint in accordance with this Memorandum and Order. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. **In his second amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his second amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.**

3. In the event that Plaintiff files a second amended complaint, Plaintiff shall restate the allegations of the Amended Complaint (filing no. 36) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.**

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files a second amended complaint.

5.  The clerk of the court is directed to set a pro se case management deadline using the following text: **June 17, 2019**: check for second amended complaint.

6.  The clerk of court is directed to send to Plaintiff a blank civil complaint form for violation of civil rights (prisoner).

7.  The clerk's office is directed to remove Defendants Omaha Police Department Officers and Douglas County Correctional Center from this action. The clerk's office is further directed to amend the caption to reflect that "Correct Care Solutions" is named as a Defendant in this matter and to change Defendant Mark Foxall's title so that his name reads "Mark Foxhall, Director."

8.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 16th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge