IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON,<br><br>            Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL DEPARTMENT EMPLOYEES, DOUGLAS COUNTY NEBRASKA, all as Defendants; MARK FOXALL, Director; DOCTOR ASH, CORRECT CARE SOLUTIONS, and DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL CARE,<br><br>            Defendants. | 8:17CV325<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court upon review of Plaintiff's Second Amended Complaint (filing no. 44) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Plaintiff, an inmate currently in the custody of the Nebraska Department of Correctional Services ("NDCS"), originally filed this action on September 6, 2017, seeking damages for alleged injuries and rights violations relating to his 2015 arrest, conviction, and incarceration in the Douglas County Department of Corrections ("DCDC"). Upon initial review, the court dismissed Plaintiff's claims arising out of his arrest and criminal prosecution against several defendants but permitted Plaintiff to file an amended complaint with respect to his Eighth

Amendment deliberate indifference claim against Douglas County and/or specific DCDC medical employees. (*See* Filing No. 35.)

Plaintiff filed his First Amended Complaint on November 26, 2018, and named the Douglas County Correctional Center, DCDC Director Mark Foxall, Correct Care Solutions, Dr. Ash, and DCDC Medical Department Employees as defendants in their official and individual capacities. (Filing No. 36.) Upon review, the court dismissed Plaintiff's claims against the Douglas County Correctional Center or DCDC as it is a non-suable entity. The court also dismissed Plaintiff's claims against Defendants in their official capacities and against Foxall and Dr. Ash in their individual capacities for failure to state a claim. However, the court determined that Plaintiff's allegations that the unspecified DCDC medical employees failed to provide him his necessary seizure medication resulting in injuries to Plaintiff stated a plausible claim of deliberate indifference to Plaintiff's medical needs under the Eighth and Fourteenth Amendments against the DCDC medical employees in their individual capacities. Because Plaintiff failed to provide "any identifying information about specific DCDC medical employees who he alleges were deliberately indifferent to his medical needs as directed by the court in its Memorandum and Order on initial review," the court gave Plaintiff leave to file a second amended complaint against specific, named defendants. (Filing No. 42 at CM/ECF p. 9 (internal quotation omitted).) In particular, the court advised Plaintiff:

> 2.  . . . . **In his second amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his second amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.**
>
> 3.  In the event that Plaintiff files a second amended complaint, Plaintiff shall restate the allegations of the Amended Complaint (filing no. 36) and any new allegations. Failure to consolidate all claims into one document may result in the

abandonment of claims. **Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.**

(Filing No. 42 at CM/ECF p. 10.)

Plaintiff filed his Second Amended Complaint on June 5, 2019. (Filing No. 44.)

## II. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint names the "Douglas County Department of Corrections, Medical Care" (hereinafter "DCDC Medical Care") as the sole defendant in its individual capacity. (Filing No. 44 at CM/ECF p. 2.) As alleged by Plaintiff, the facts underlying his claim are as follows:

> I was not given the proper medical attention. The Defendant[']s] failur[e] to provide reasonable and humane medical treatment constitutes a violation of the Plaintiff's right to due process under the Fourteenth Amendment and his right under the Eight[h] Amendment to be free from cruel and unusual punishment by not giving Plaintiff his medication for over 30 days from 11-21-2015 to 12-25-2015 no seizure medication Vimpat 400 mg tabs a day.
> . . . .
> I black-out. I was finally sent to medical and was s[e]en, but was not given the medication I need which was never presc[r]ibe to me once I run out, was sent back to the unit and I fell out again and that time I cut my face from hitting it on the conc[rete] floor and had a con[cu]ssion and given a ice pack and my medication and never had another seizure as long as I have my medic[a]tion. I have real bad headac[h]es and this is som[e]thing new to me cause I was fine befor[e] going to the county.

(*Id*. at CM/ECF p. 5 (punctuation and capitalization corrected).)

Plaintiff attached a two-page "letter" to his Second Amended Complaint addressed "[t]o Clerk pursuant to the Nebraska Political Subdivision Tort Claim

Act" and setting forth his "tort claim against the City of Omaha Douglas County Nebraska." (*Id.* at CM/ECF p. 12.) The letter restates the facts recounted above and concludes: "As a result of the Defendants' negligence and unconstituti[o]nal denial of medicare [sic] the Plaintiff suffers with severe symptoms and endured severe pain, discomfort, and emotional distress." (*Id.* at CM/ECF p. 13 (capitalization corrected).)

As relief, Plaintiff seeks $2,000,000.00 in damages and sanctions against all Defendants. (*Id.* at CM/ECF p. 5.)

### III. DISCUSSION

Plaintiff names the DCDC Medical Care as the sole Defendant and wrote "N/A, Records" in the space provided for "Defendant No. 1 Name" in the form complaint. (Filing No. 44 at CM/ECF p. 2.) The DCDC Medical Care is a division or unit of the DCDC. As the court has previously explained, the DCDC or units within the DCDC is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S. D. N. Y. 1994) (jails are not entities amenable to suit). Thus, Plaintiff's Second Amended Complaint cannot proceed against a non-suable entity.

Liberally construed, Plaintiff's Second Amended Complaint could be understood as being brought against the employees of the DCDC medical department in their individual capacities whose names Plaintiff alleges exist in the DCDC records. (*See* Filing No. 44 at CM/ECF p. 2.) As with the Amended Complaint, the court concludes that the Second Amended Complaint states a plausible claim of deliberate indifference to Plaintiff's medical needs under the

Eighth and Fourteenth Amendments against the DCDC medical employees in their individual capacities. *See Dadd v. Anoka Cty.*, 827 F.3d 749, 756–57 (8th Cir. 2016) ("When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow."); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("[T]he knowing failure to administer prescribed medicine can itself constitute deliberate indifference."). The court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Second Amended Complaint. This is not a determination of the merits of his claims or potential defenses to them.

While the Second Amended Complaint states a plausible claim for relief, this matter cannot proceed to service of process against unknown and unidentified defendants. As a litigant proceeding in forma pauperis in this case, Plaintiff is entitled to have service of process performed by the United States Marshals, but the United States Marshal's Service cannot initiate service upon unknown defendants. Plaintiff has failed to make any attempt to identify the specific individuals involved in his allegedly deficient medical care nor does Plaintiff allege that he made any attempts to ascertain the names of the medical employees involved or that such attempts were unsuccessful. Therefore, the court will give Plaintiff 30 days in which to take reasonable steps to identify the individual DCDC medical employees and notify the court of their names, after which the court will initiate service of process. If Plaintiff is unable to ascertain the individual DCDC medical employees' names, then he should inform the court of such and identify what steps he took to try and learn their names.[1] Failure to act in accordance with this Memorandum and Order will result in dismissal of Plaintiff's claims without prejudice and without further notice.

---

[1] *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention.") (citation omitted).

IT IS THEREFORE ORDERED that:

1. Plaintiff must take reasonable steps to identify the individual DCDC medical employees against whom he wishes to proceed and notify the court of their names, after which the court will initiate service of process. If Plaintiff is unable to ascertain the individual DCDC medical employees' names, then he should inform the court of such and identify what steps he took to try and learn their names. **Plaintiff will have 30 days from the date of this Memorandum and Order to take reasonable steps to identify the individual DCDC medical employees and notify the court of their names or his efforts to ascertain their names, after which the court will initiate service of process. Failure to do so will result in dismissal of his claims without prejudice and without further notice.**

2. The clerk of the court is directed to set the following pro se case management deadline: **February 3, 2020**: check for names of individual defendants.

Dated this 2nd day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge