IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL DEPARTMENT EMPLOYEES, DOUGLAS COUNTY NEBRASKA, all as Defendants; MARK FOXALL, Director; DOCTOR ASH, CORRECT CARE SOLUTIONS, and DOUGLAS COUNTY DEPT. OF CORRECTIONS, MEDICAL CARE,<br><br>　　　　　Defendants. | 8:17CV325<br><br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on Plaintiff's Motion for Status. (Filing No. 51.) Plaintiff's motion is granted. On January 2, 2020, the court directed Plaintiff to take reasonable steps to identify the individual Douglas County Department of Corrections medical employees against whom he wished to proceed in this matter and notify the court of their names, after which the court would initiate service of process. (Filing No. 45.) After two extensions of time, Plaintiff filed a response on March 11, 2020, identifying two named defendants: Jacqueline Esch, MD, and Sandra Vansant. (Filing No. 50.) Thus, this matter may now proceed to service of process. Accordingly,

　　　　IT IS ORDERED that:

　　　　1.　　Plaintiff's Motion for Status (filing no. 51) is granted.

2. The clerk of the court is directed to add Jacqueline Esch, MD, and Sandra Vansant, in their individual capacities, as Defendants in this matter.

3. The clerk of the court is directed to remove the following Defendants from the case caption: Douglas County Dept. of Corrections, Medical Department Employees; Douglas County Nebraska, all as Defendants; Mark Foxall, Director; Doctor Ash; Correct Care Solutions; and Douglas County Dept. of Corrections, Medical Care.

4. Plaintiff's claims for deliberate indifference to his medical needs under the Eighth and Fourteenth Amendments will proceed to service of process against Defendants Jacqueline Esch, MD, and Sandra Vansant in their individual capacities.

5. The clerk of court is directed to obtain the last known addresses for Defendants Jacqueline Esch, MD, and Sandra Vansant from the Marshals Service for service of process on them in their individual capacities.[1]

6. Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants Jacqueline Esch, MD, and Sandra Vansant in their individual capacities at the addresses provided by the Marshals Service. The clerk of court is further directed to deliver the summonses, the necessary USM-285 Forms, the Second Amended Complaint (filing no. 44), a copy of the court's January 2, 2020 Memorandum and Order (filing no. 45), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants Jacqueline Esch, MD, and Sandra Vansant in their individual capacities. Service may be accomplished by using any of the following methods:

---

[1] If the Marshals Service determines that these individuals are still employed with the Douglas County Department of Corrections, then the employment addresses of these individuals will suffice.

personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[2]

7. The clerk of court is directed to file under seal any document containing the last known personal addresses for Defendants Jacqueline Esch, MD, and Sandra Vansant.

8. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

9. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

10. The clerk of court is directed to set the following pro se case management deadline: **July 22, 2020**: check for completion of service of process.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Dated this 23rd day of April, 2020.

                                                BY THE COURT:

                                                *Richard G. Kopf*

                                                Richard G. Kopf
                                                Senior United States District Judge