IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON, <br><br> Plaintiff, <br><br> vs. <br><br> JACQUELINE ESCH, MD, in her individual capacity; and SANDRA VANSANT, in her individual capacity; <br><br> Defendants. | 8:17CV325 <br><br> ORDER TO SHOW CAUSE |

      Plaintiff, pro se, commenced this action on September 6, 2017. (Filing No. 1). Plaintiff has filed amended pleadings pursuant to the Court's orders, including the operative Second Amended Complaint filed on June 5, 2019. (Filing No. 44). On January 2, 2020, the Court directed Plaintiff to take reasonable steps to identify the individual Douglas County Department of Corrections medical employees against whom he wished to proceed in this matter and notify the court of their names, after which the Court would initiate service of process. (Filing No. 45). Plaintiff filed a response on March 11, 2020, identifying two named defendants: Jacqueline Esch, MD, and Sandra Vansant. (Filing No. 50). Thereafter, the Court permitted the matter to proceed to service of process as to those defendants and gave Plaintiff until July 22, 2020, to complete service. (Filing No. 52). Service was completed on the defendant Vansant, see Filing No. 60, but not defendant Esch. See Filing No. 59. The service of process deadline has passed and Plaintiff has not attempted to further serve defendant Esch or asked the Court for more time to do so.

      Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Although Plaintiff is pro se, it is his responsibility to properly identify defendants and where they can be served. See *Gustaff v. MT Ultimate Healthcare*, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007). Therefore, the Court will order Plaintiff to show cause why this case should not be dismissed as to defendant Esch for lack of service and want of prosecution. Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **August 21, 2020,** to show cause why this case should not be dismissed as to defendant Jacqueline Esch, MD pursuant to [Federal Rule of Civil Procedure 4(m)](#) and for want of prosecution. The failure to timely comply with this order may result in dismissal of this action as to Jacqueline Esch, MD without further notice.

Dated this 30th day of July, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge