IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON, <br><br> Plaintiff, <br><br> vs. <br><br> MD JACQUELINE ESCH, in her individual capacity; and SANDRA VANSANT, in her individual capacity; <br><br> Defendants. | **8:17CV325** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff Matthew O. Mixon's Motion for Status Update and Notice of Change of Address filed on August 19, 2020. (Filing 67.) In his motion, Plaintiff informed the court that he is presently confined in the Cass County, Nebraska jail and requested an update on the status of his case. Because Plaintiff is in custody, this case was reassigned to the undersigned and the pro se docket for judicial supervision. (Filing 69.)

Plaintiff's motion for status is granted. The court's own independent research of Plaintiff's state court records[1] indicates that Plaintiff has been in custody since July 20, 2020. Thus, it appears Plaintiff may not have received notice of the court's Order to Show Cause entered on July 30, 2020, and Defendant Sandra Vansant's ("Vansant") Motion for Summary Judgment (filing 64) when it was originally filed on August 7, 2020.

---

[1] The court takes judicial notice of Plaintiff's state court records in *State v. Matthew O. Mixon*, Case No. CR20-398, County Court of Cass County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

With respect to Vansant's Motion for Summary Judgment, Vansant filed a certificate of service on August 19, 2020, certifying that she had mailed the summary judgment motion (filing 64), the Index in support of Motion for Summary Judgment with attachments (filing 65), and her Brief in support of Motion for Summary Judgment (filing 66) to Plaintiff at his updated address. (Filing 68.) On the court's own motion, Plaintiff shall have until September 14, 2020, to file a brief in opposition to Vansant's summary judgment motion. *See* NECivR 7.1(b)(1)(B); 56.1(b)(2); Fed.R.Civ.P. 6(d).

Plaintiff is further advised that on July 30, 2020, United States Magistrate Judge Michael D. Nelson entered an order requiring Plaintiff to show cause why this case should not be dismissed as to Defendant Jacqueline Esch, MD ("Esch") for lack of service and want of prosecution. (Filing 63.) The court's records show that the summons issued for Esch was returned unexecuted after the United States Marshals Service unsuccessfully attempted personal service on Esch at three different locations. (Filing 59.) One of the addresses where service was attempted was Esch's undisclosed home address, and the court has reason to believe, from its own independent investigation, that Esch may be found at that address.

Accordingly, the court will direct the Marshals Service to attempt service again on Defendant Esch. Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than

information necessary to identify defendant; Marshal should be able to ascertain defendant's current address). Here, Plaintiff has provided all the necessary identifying information and the Marshals Service appears to have the proper home address for Esch so that service can be completed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Status (filing 67) is granted.

2. Plaintiff shall have until **September 14, 2020**, to file a brief in opposition to Defendant Sandra Vansant's summary judgment motion. The clerk of court is directed to set the following pro se case management deadline: **September 14, 2020**: check for Plaintiff's brief.

3. The clerk of court is directed to obtain the "undisclosed home address" for Defendant Jacqueline Esch, MD from the Marshals Service for service of process on her in her individual capacity.[2]

4. Upon obtaining the necessary address, the clerk of court is directed and to complete and issue summons for Defendant Jacqueline Esch, MD in her individual capacity at the address provided by the Marshals Service. The clerk of court is further directed to deliver the summons, the necessary USM-285 Form, the Second Amended Complaint (filing 44), a copy of the court's January 2, 2020 Memorandum and Order (filing 45), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Jacqueline Esch, MD, in her individual capacity. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery

---

[2] If there is any doubt or confusion about the address to which the court refers, the clerk of the court and/or the Marshals Service are encouraged to contact the undersigned's chambers or the pro se law clerk to verify.

service.[3] *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

5. The clerk of court is directed to file under seal any document containing the personal address for Defendant Jacqueline Esch, MD.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The clerk of court is directed to set the following pro se case management deadline: **December 2, 2020**: check for completion of service of process.

Dated this 3rd day of September, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[3] The Marshals Service is highly encouraged to use certified mail to accomplish service if personal service is unsuccessful.

4